## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————————— )
                                                    )
JOHN A. PETRUCELLI,                                 )
                                                    )
                    Plaintiff,                      )
                                                    )
        v.                                          )        Civil Action No. 11-1780 (RBW)
                                                    )
DEPARTMENT OF JUSTICE,                              )
                                                    )
                    Defendant.                      )
———————————————————————— )

## MEMORANDUM OPINION AND ORDER

The plaintiff, a federal prisoner, brought this action under the Freedom of Information

Act ("FOIA"), *see* 5 U.S.C. § 552 (2006), against the United States Department of Justice

("DOJ"), demanding the release of records maintained by the Federal Bureau of Prisons

("BOP"), the Executive Office for United States Attorneys ("EOUSA"), and the Federal Bureau

of Investigation ("FBI").  In an earlier opinion that granted in part and denied in part the most

recent motion to dismiss or for summary judgment, the Court concluded that: (1) the BOP

conducted reasonable searches for records responsive to the plaintiff's FOIA requests; (2) the

BOP properly withheld information under FOIA Exemptions 6, 7(C) and 7(F); (3) the EOUSA

and the FBI conducted reasonable searches for records responsive to the plaintiff's FOIA

requests; (4) the EOUSA and the FBI properly withheld information under FOIA Exemptions 3,

5 and 7(C); and (5) that the relevant records were compiled for law enforcement purposes within

the scope of FOIA Exemption 7.  *See Petrucelli v. U.S. Dep't of Justice*, __ F. Supp. 3d __, __,

2014 WL 2919285 (D.D.C. June 27, 2014).  In those respects, the defendant's most recent prior

motion was granted.  *Id*. at *20.  The motion was denied in part because the "EOUSA failed to

justify its decisions to withhold information under FOIA Exemptions 7(D) . . . and 7(F), and

because the FBI failed to adequately justify its decisions [to withhold information] under FOIA

Exemptions 7(D) . . . and 7(E) . . . ."  *Id*.  This matter is now before the Court on Plaintiff's

Motion to Alter or Amend Judgment Pursuant to Rule 59(e), ECF No. 74, and the parties' cross-

motions for summary judgment, ECF Nos. 78, 80.  For the reasons discussed below, the

defendant's motion for summary judgment will again be granted in part and denied in part, and

the plaintiff's motions will be denied.

## I.  BACKGROUND

### A.  *The Plaintiff's Requests for EOUSA Records*

#### 1.  Request No. 03-2265

The plaintiff sought information from the EOUSA, including files, police reports, and

videotapes, "believed to be within the possession of the [United States Attorney's Office] for the

. . . Southern District of New York" and "in relation to [his] criminal prosecution in the United

States District Court in New York, New York in the criminal case titled and numbered under

*United States v. John Petrucelli*, No. 02CR[]099."  Memorandum of Points and Authorities in

Support of Defendant's Motion to Dismiss or, Alternatively, Motion for Summary Judgment,

ECF No. 23 ("Def.'s First Mem."), Declaration of David Luczynski ("First Luczynski Decl."),

Exhibit ("Ex.") A (Freedom of Information Act/Privacy Act Request dated July 1, 2003).  The

request was denied in full by the EOUSA based on FOIA Exemptions 3, 5, 7(C), 7(D), and 7(F).

First Luczynski Decl. ¶ 6.

## 2.  Request Number 04-2972

The plaintiff's second FOIA request to the EOUSA also sought information pertaining to the prosecution of his criminal case.  *See id.*, Ex. F (Freedom of Information Act/Privacy Act Request dated June 18, 2004).  Specifically, the plaintiff requested:

> Books, Papers, Photographs, Recorded Tapes, Files, Reports, Records, Video Tapes, Police Reports, and Other Documentary Materials or Data, regardless of physical form or characteristic made or received by any officer or employee of your agency relating to, regarding, or naming me.

*Id.*, Ex. F at 1.  The plaintiff provided the title and number of his United States District Court for the Southern District of New York criminal case to the EOUSA, and agreed to pay any fees associated with the request.  *Id.*  EOUSA staff located records responsive to the request and released to the plaintiff forty pages of records in full and twelve pages in part, withheld two pages in full, and referred sixty-five pages of records to the FBI for its direct response to the plaintiff.  *Id.* ¶ 10; *see id*., Ex. G (Letter to the plaintiff from Marie A. O'Rourke dated December 29, 2004) at 2.

### B.  *The Plaintiff's Requests for FBI Records*

#### 1.  FOIPA Request No. 1000298-000

On June 18, 2004, the plaintiff made a "request[] for all records about himself [] to the . . . FBI."  Plaintiff's Memorandum in Opposition to Defendant's Renewed Motion to Dismiss and to Defendant[']s Renewed Motion for Summary Judgment, ECF No. 64 at 5 (page numbers designed by the plaintiff).  Responsive records, the plaintiff believed, would have been "located in Washington, DC, White Plains, New York, and Manhattan, New York agency offices, possibly in relation, but not limited to [his] criminal prosecution, Case #: 02CR00099-01 (TPG) United States v. John A. Petrucelli, prosecuted within the Southern [D]istrict of New York,

which stemmed from State of New York v. Darin Mazzarella (Yonkers, NY)."  Defendant's

Reply in Further Support of its Renewed Motion to Dismiss or for Summary Judgment, ECF No.

67, Second Declaration of David M. Hardy ("Second Hardy Decl."), Ex. A (Freedom of

Information Act/Privacy Act Request dated June 18, 2004).  The FBI denied the plaintiff's June

18, 2004 request in its entirety, Second Hardy Decl. ¶ 9, relying on FOIA Exemptions 7(A) and

7(C), id., Ex. D (Letter to the plaintiff from D.M. Hardy dated September 29, 2004).

### 2.  FOIPA Request No. 1019355-000

The FBI reviewed the sixty-five pages of records referred by the EOUSA and determined

that all of the records were exempt from disclosure under FOIA Exemptions 7(A), 7(C) and

7(D).  Def.'s First Mem., Declaration of David M. Hardy ("First Hardy Decl.") ¶ 8; see id., Ex. B

(Letter to the plaintiff from David M. Hardy, Chief, Records/Information Dissemination Section,

Records Management Division, FBI).  "Upon . . . the filing of the instant complaint, the FBI

conducted another review of the referred records" and determined that FOIA Exemption 7(A)

"no longer applied since the investigation was no longer pending."  Second Hardy Decl. ¶ 14.

However, because the FBI determined that "the information previously [protected under] FOIA

Exemption []7(A) still warranted protection pursuant to other applicable FOIA exemptions," it

withheld all of the records "in their entirety."  Id.; see generally id., Ex. I (deleted page

information sheets).

### 3.  FOIPA Request No. 1150194-000

The plaintiff submitted a separate FOIA request to the FBI for "[a]ny and all records,

reports, files, memos, and materials to include electronic filings that contain any information

concerning [his] arrest date," purported to be January 28, 2002.  First Hardy Decl., Ex. E (Letter

to D.M. Hardy from the plaintiff dated June 7, 2010) at 1.  A search of the FBI's Central Records

System yielded 760 pages of responsive records, *id.* ¶ 21 n.6, and of these records, 495 pages

were released to the plaintiff in full on April 16, 2012, *id.* ¶ 21.  One of these records was "a

report by FBI Special Agents, dated February 1, 2002, documenting the January 31, 2002 arrest

of [the plaintiff]."  *Id.* ¶ 22; *see id.*, Ex. P.  "Of the remaining 265 pages, 246 were withheld in

full pursuant to [FOIA Exemptions 3, 5, 6, 7(C), 7(D), 7(E), and 7(F),] and 19 pages were

withheld in full as duplicates."  *Id.* ¶ 21; *see id.*, Ex. O (Letter to the plaintiff from David M.

Hardy dated April 16, 2012).

## II.  ANALYSIS

### A.  *The Plaintiff's Motion to Alter or Amend Judgment Pursuant to Rule 59(e)*

The plaintiff asks the Court "to reconsider aspects of its [June 27, 2014] Memorandum

Opinion and Order."  Plaintiff's Motion to Alter or Amend Judgment Pursuant to Rule 59(e),

ECF No. 74 ("Pl.'s Mot.") at 1.  A motion under Rule 59(e) is "disfavored and relief from

judgment is granted only when the moving party establishes extraordinary circumstances."

*Niedermeier v. Office of Max S. Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001) (citing

*Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998)).  A Rule 59(e) "motion . . . need

not be granted unless the district court finds that there is an intervening change of controlling

law, the availability of new evidence, or the need to correct a clear error or prevent manifest

injustice."  *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal quotation marks

and citation omitted).

#### 1.  Confidential Sources

The FBI and the EOUSA have withheld from disclosure to the plaintiff information under

FOIA Exemption 7(D) on the ground that its release

> could reasonably be expected to disclose the identity of a
> confidential source . . . [who] furnished information on a

confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation . . . , information furnished by a confidential source.

5 U.S.C. § 552(b)(7)(D).  The plaintiff presumes that the confidential sources whose identities are protected were witnesses who testified against him at his criminal trial.  *See* Pl.'s Mot. at 9. He argues that, by testifying at trial, these individuals have waived any "privilege" they may have had, *id.*, and thus have "subject[ed] themselves to discovery and cross[-]examination," *id.* at 9-10.  Furthermore, the plaintiff claims an entitlement to the release of all the records he has requested under the FOIA, *see* Pl.'s Mot. at 5-6, because the withholding of information pertaining to these witnesses amounts to a violation of the Confrontation Clause, *see id.* at 5. The plaintiff is mistaken.

Confidentiality is not lost merely because a source becomes a government witness. "Even when the source[s] testif[y] in open court, as . . . [the plaintiff claims] the informant[s] [did] in this case, [they do] not thereby 'waive the [government's] right to invoke Exemption 7(D) to withhold  . . .  information furnished by [] confidential source[s] not actually revealed in public.'"  *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1281 (D.C. Cir. 1992) (citing *Parker v. U.S. Dep't of Justice*, 934 F.2d 375, 379-80 (D.C. Cir. 1991)); *see Rimmer v. Holder*, 700 F.3d 246, 261 (6th Cir. 2012) ("Nonetheless, we note that the district court correctly dispensed with Rimmer's claim that his personal knowledge of the identity of most of the government's confidential sources neutralized the personal-privacy protection afforded them under Exemption 7(D).").  And the plaintiff fails to recognize that the government's obligations in a FOIA case are not the same as its obligations in the underlying criminal case.  *See, e.g., Mingo v. U.S. Dep't of Justice*, No. 08-2197, 2009 WL 2618129, at *2 (D.D.C. Aug. 24, 2009) (rejecting argument that agency deliberately withheld exculpatory information in violation of the Fifth

Amendment because the government's constitutional obligation under *Brady v. Maryland*, 373

U.S. 83 (1963), to disclose exculpatory material to criminal defendant is not coextensive with

the agency's statutory obligations under the FOIA).  Neither a requester's status as a convicted

criminal, nor his personal interest is the requested records is relevant in a FOIA case.  *See, e.g.*,

*Hale v. U.S. Dep't of Justice*, 226 F.3d 1200, 1204 n.4 (10th Cir. 2000) ("Thus, the fact that

Hale seeks the requested documents to support a claim under *Brady . . .* is irrelevant to our

determination as to whether the documents are exempted from disclosure under [E]xemption

7(D) of the FOIA."); *Marshall v. FBI*, 802 F. Supp. 2d 125, 136 (D.D.C. 2011) (noting that

"[t]his case is governed by FOIA law and not [Federal Rule of Criminal Procedure] 16,

*Brady*, or other rules of criminal procedure").  A FOIA case simply is not a process a person can

use to raise a constitutional challenge to his criminal conviction.

### 2. The Administrative Procedure Act

The plaintiff maintains that the Administrative Procedure Act ("APA") "provides [him]

an additional legal basis to support the release of the records" he requested.  Pl.'s Mot. at 6.

Again, he is mistaken.  "[U]nder the APA, judicial review is appropriate for an agency action

only when there is no other adequate remedy in a court . . . [, a]nd here, the FOIA provides an

adequate remedy."  *Walsh v. Dep't of Veterans Affairs*, 400 F.3d 535, 537-38 (7th Cir. 2005)

(internal quotation marks and citations omitted).  The plaintiff demands the release of records

maintained by various federal government entities under the FOIA, and a claim for the same

relief under the APA is therefore superfluous.  *See Rimmer*, 700 F.3d at 262 ("In this case, the

district court's ability to conduct a *de novo* review of Rimmer's FOIA request and, if it were to

rule in Rimmer's favor, to order relief identical to that provided under the APA, *i.e.*, production

of the unredacted documents Rimmer seeks, clearly provides an alternate adequate remedy in

court and thus triggers [5 U.S.C.] § 704's bar on claims brought under the APA."); *Central*

*Platte Natural Res. Dist. v. USDA*, 643 F.3d 1142, 1149 (8th Cir. 2011) (affirming dismissal of

APA claim where plaintiff sought a declaratory judgment and court order requiring production of

documents under both the APA and the FOIA); *see generally Feinman v. FBI*, 713 F. Supp. 2d

70, 75-78 (D.D.C. 2010).  For these reasons, the plaintiff's motion for reconsideration will be

denied.

### B.  The Parties' Cross-Motions for Summary Judgment

Remaining for resolution in this case are: (1) the FBI's decisions to withhold information

under FOIA Exemptions 7(D) (implied assurance of confidentiality) and 7(E), and (2) the

EOUSA's decisions to withhold information under FOIA Exemptions 7(D) (express grant of

confidentiality) and 7(F).

### 1.  FOIA Exemption 7(D)

FOIA Exemption 7(D) protects from disclosure those records or information compiled

for law enforcement purposes that

> could reasonably be expected to disclose the identity of a
> confidential source, including a State, local, or foreign agency or
> authority or any private institution which furnished information on
> a confidential basis, and, in the case of a record or information
> compiled by criminal law enforcement authority in the course of a
> criminal investigation or by an agency conducting a lawful national
> security intelligence investigation, information furnished by a
> confidential source.

5 U.S.C. § 552(b)(7)(D).  There is no general "presumption that a source is confidential within

the meaning of [FOIA] Exemption 7(D) whenever [a] source provides information [to a law

enforcement agency] in the course of a criminal investigation."  *U.S. Dep't of Justice v.*

*Landano*, 508 U.S. 165, 181 (1993).  Rather, a source's confidentiality must be determined on a

case-by-case basis.  *Id*. at 179-80.  "A source is confidential within the meaning of [E]xemption

7(D) if the source provided information under an express assurance of confidentiality or in circumstances from which such an assurance could be reasonably inferred." *Williams v. FBI*, 69 F.3d 1155, 1159 (D.C. Cir. 1995) (per curiam) (citations and internal quotation marks omitted). And "[w]hen no express assurance of confidentiality exists, courts consider a number of factors to determine whether the source nonetheless 'spoke with an understanding that the communication would remain confidential.'" *Roth v. U.S. Dep't of Justice*, 642 F.3d 1161, 1184 (D.C. Cir. 2011) (citing *Landano*, 508 U.S. at 172). Among these factors are the character of the crime and the source's relationship to it. *Id.* (citing *Landano*, 508 U.S. at 179).

a. The FBI

The FBI has withheld "the names, identifying information, and investigative information concerning [the] plaintiff's violent criminal activities provided by third parties under an implied assurance of confidentiality." First Hardy Decl. ¶ 69. Specifically, it withheld "portions of interviews where the release of the information could clearly identify the source of that information." *Id.* ¶ 70. According to the FBI's declarant, the sources "were interviewed under circumstances from which an assurance of confidentiality may be implied," based in large part on plaintiff's association "with the 'Tanglewood Boys' and also possibly . . . with the Luchese organized crime family[,] both [of which are] well know[n] violent criminal organizations." Memorandum of Points and Authorities in Support of Defendant's Renewed Motion for Summary Judgment, ECF No. 78-1 ("Def.'s Third Mem."), Third Declaration of David M. Hardy, ECF No. 78-4 ("Third Hardy Decl.") ¶ 12. The declarant further stated:

> Th[e interviewees] provided information that is singular in nature
> pertaining to various murders and other violent crimes concerning
> plaintiff and other organized crime members. The crimes reported
> include murders and other violent crimes committed by the use of
> threats and violence. Under these circumstances, it is reasonable to
> infer that these third parties provided information to the FBI under

9

> an assurance of confidentiality. These individuals would reasonably
> fear that disclosure of their identit[ies] would place them and or their
> families in danger . . . .   In the processing of the records concerning
> plaintiff, the objective was to release as much segregable
> information as possible without revealing the identities of the
> individuals interviewed.   If the interviewee[s'] identities were
> released, it would likely subject them to harassment or reprisal.

*Id*. Furthermore, the declarant explained, "[t]he preservation of . . . confidentiality . . . is

essential to effective law enforcement," as "[d]isclosure . . . would have a chilling effect upon the

free-flow of information essential to pursue and resolve criminal investigations." *Id*.

The plaintiff presumes that "two witnesses and a suspect in [the plaintiff's] underlying

criminal case" are the confidential sources whose identities the FBI is protecting.  Plaintiff's

Opposition to Defendant's Motion for Summary Judgment and Cross-Motion for Summary

Judgment, ECF No. 79 ("Pl.'s Opp'n") at 2.  Specifically, he argues that the defendant "still

hasn't adequately justified its position with respect to . . . Joseph Defede[,] Sean McKiernan[,

witnesses who testified at plaintiff's criminal trial, and] Eric Tofty, the original suspect." *Id*. at

5.  According to the plaintiff, "these three individuals are deceased, rendering the most of the

Defendant's speculative harms moot." *Id*.  Moreover, he contends, "these individuals were all

suspects in this[] and in other crimes," and "[i]f they didn't receive written cooperation

agreements, it seems unlikely there would be 'implied assurances of confidentiality.'" *Id*. at 9.

The plaintiff therefore asks the Court to grant his cross-motion for summary judgment "and order

the Defendant to produce records pertaining to these three individuals, and any others who are

cross-referenced in Plaintiff's files . . . ." *Id*. at 3.

The plaintiff offers nothing more than speculation as to both the identities of the FBI's

sources and content of the information withheld by the FBI under FOIA Exemption 7(D).  His

unsupported assertions neither demonstrate his entitlement to summary judgment nor defeat the

defendant's representations.  Furthermore, the plaintiff seeks records pertaining to himself, his

arrest, a criminal investigation of his activities, and his criminal trial.  However, none of the

plaintiff's FOIA requests seeks records pertaining to third parties Defede, McKiernan and Tofty.

The FBI is not obligated to search for or to release records other than those specifically requested

by the plaintiff.  5 U.S.C. § 552(a)(3) (requiring requester to "reasonably describe[]" the records

sought); *see Kowalczyk v. U.S. Dep't of Justice*, 73 F.3d 386, 389 (D.C. Cir. 1996) (concluding

that "the [FBI] is not obliged to look beyond the four corners of the request for leads to the

location of responsive documents"); *see also Sheridan v. Dep't of the Navy*, 9 F. App'x 55, 58

(2d Cir. 2001) (noting that agency was not obligated to locate and retrieve personnel record

where FOIA requests made no mention of it).  Nor is the FBI obligated to release information

pertaining to any third party merely because the third party testified at trial or because the

plaintiff has learned the third party's identity.  *See Jones v. FBI*, 41 F.3d 238, 249 (6th Cir. 1994)

(finding that FOIA Exemption 7(D) "provides for nondisclosure of all sources who provided

information with an understanding of confidentiality, not for protection of only those sources

whose identity remains a secret at the time of future FOIA litigation"); *Proctor v. Dep't of*

*Justice*, 72 F.3d 920 (D.C. Cir. 1996) ("The fact that individuals who testified or were listed as

possible witnesses may have been confidential informants did not waive the FBI's right pursuant

to Exemption 7(D) to withhold the information") (citing *Parker*, 934 F.2d at 380-81).  The FBI

has adequately demonstrated that the sources whose information it seeks to withhold under an

implied assurance of confidentiality, and, therefore, its reliance on FOIA Exemption 7(D) is

proper.

### b.  The EOUSA

The EOUSA previously relied on FOIA Exemption 7(D) to protect the identities of and

information provided by individuals under an express assurance of confidentiality regarding the

investigation of the plaintiff's criminal activities.  Memorandum of Points and Authorities in Support of Defendant's Renewed Motion to Dismiss or, Alternatively, for Summary Judgment, ECF No. 40, Declaration of David Luczynski ("Second Luczynski Decl.") ¶ 34.  It also relied on FOIA Exemption 7(F) to protect "portions of documents in this case in conjunction with other exemptions, particularly [FOIA Exemption 7(C),] because of indications that there was a reasonable likelihood that a threat of harm could be posed to certain individuals who either work for the government or who provided information in the course of an investigation . . . ."  First Luczynski Decl. ¶ 33; *see* Second Luczynski Decl. ¶¶ 36-37.  In light of the Court's June 27, 2014 Memorandum Opinion and Order, however, the "EOUSA . . . reviewed [these] exemptions . . . and . . . concluded it is unable to adequately support" reliance on FOIA "Exemption 7(F) as well as the express confidentiality section of [FOIA] Exemption 7(D)."  Def.'s Third Mem., Declaration of David Luczynski, ECF No. 78-3 ("Third Luczynski Decl.") ¶ 6 n.2.  As a result, the EOUSA purportedly has abandoned its reliance on FOIA Exemptions 7(D) and 7(F), *id.*, and instead relies only on FOIA Exemption 7(C), *see* Def.'s Third Mem. at 3, with respect to any of the same information.  Nevertheless, the EOUSA's declaration describes at length the withholding of information under FOIA Exemption 7(D), *see* Third Luczynski Decl. ¶¶ 30-34, as well as the applicability of FOIA Exemptions 5 and 7(C), *see id.* ¶¶ 17-29, on which the Court already has ruled, *see Petrucelli*, __ F. Supp. 3d at __, 2014 WL 2919285, at *10-16.

The plaintiff argues that the EOUSA is now relying on an exemption that it previously had not asserted, and, therefore, it has waived its opportunity to assert FOIA Exemption 7(C) instead of FOIA Exemptions 7(D) and 7(F).  *See* Pl.'s Opp'n at 6.  The assertion of FOIA Exemption 7(C) is not new, as the EOUSA consistently has relied on this exemption (in conjunction with FOIA Exemption 7(F) at times) to withhold information from records

responsive to the plaintiff's FOIA requests.  However, having reviewed the EOUSA's third

supporting declaration, it is unclear whether the EOUSA relies solely on FOIA Exemption 7(C),

or whether it continues to maintain that FOIA Exemptions 7(D) and 7(F) apply with respect to

the same information.  And if, for example, the EOUSA continues to withhold information

regarding the identities of confidential sources and the information these sources provided, it has

failed to demonstrate that or explain why FOIA Exemption 7(C), which protects from disclosure

information in law enforcement records that "could reasonably be expected to constitute an

unwarranted invasion of personal privacy," 5 U.S.C. § 552(b)(7)(C), protects not only

confidential sources themselves but also "information furnished by . . . confidential source[s],"

*id*. § 552(b)(7)(D).  This omission precludes the Court from granting the defendant summary

judgment on the request made to the EOUSA.

### 2.   FOIA Exemption 7(E)

FOIA Exemption 7(E) protects from disclosure law enforcement records "to the extent

that the production of such . . . information . . . would disclose techniques and procedures for law

enforcement investigations or prosecutions, or would disclose guidelines for law enforcement

investigations or prosecutions . . . if such disclosure could reasonably be expected to risk

circumvention of the law."  5 U.S.C. § 552(b)(7)(E).  Under FOIA Exemption 7(E), the FBI

"protects procedures and techniques used by FBI agents to conduct criminal investigations."

First Hardy Decl. ¶ 76.  Specifically, the FBI withholds "statistical information contained in

effectiveness rating forms . . . (FBI Form FD-515 and its attachments)."  Third Hardy Decl. ¶ 15.

The FBI's declarant explains that the FD-515 is "used by FBI [Special Agents] to report

investigative accomplishments."  *Id*.  The form "is submitted at various stages of an investigation

to report statistically important events," such as arrests, convictions, asset seizures and drug

seizures.  *Id*.  A space in the upper right corner of the form captioned '"Investigative Assistance and Techniques Used'[,] . . . lists 27 publicly known investigative techniques and/or assistance, some of which were used by the investigative personnel during the investigation concerning Plaintiff."  *Id*.  "Opposite each investigative technique and assistance is a rating column" where the Special Agent assigns "a numerical rating from 1 to 4 to rate each technique/assistance" employed.  *Id*.  The FBI has redacted "[t]he entire rating column . . . to protect from release the various techniques and assistance used in the investigation."  *Id*.  If this information were released, the declarant states, the plaintiff and others involved in criminal activity "could change their activities and modus operandi in order to circumvent and avoid detection and/or surveillance in the future."  *Id*.  Accordingly, the FBI relies on FOIA Exemption 7(E) to protect the rating information which it deems "essential to prevent future circumvention of the law by criminals."  *Id*.

In addition, the declarant explains, the FBI relies on FOIA Exemption 7(E) to withhold "another form which details investigative/coordinating efforts used by the FBI in the investigations at issue."  *Id*. ¶ 16.  This form "is an internal tool [and] is limited for official use only, and properly [is] marked as such."  *Id*.  "It provides a complete overlay of the case being investigated, contemplated actions[,] potential techniques to be used, personnel needed, coordinating efforts, etc.," and thus comprises "the investigative blue print for organized crime investigations."  *Id*.  Lastly, the FBI has withheld "information on two pages of responsive documents obtained from non-public databases utilized by the FBI in law enforcement investigations."  *Id*. ¶ 17.  Release of the techniques themselves and the ways the FBI deploys them "would nullify their effectiveness, especially [for] investigating organized crime families."  *Id*. ¶ 18.  According to the declarant, "[w]ith prior knowledge" of the FBI's strategies and

techniques, "criminals could predict the FBI's investigative approach, structure their activities in a manner that avoids detection and disruption by the FBI and deprive the FBI of the utility of these techniques." *Id*.

The plaintiff asserts that the FBI merely "is withholding the most mundane paperwork pursuant to [FOIA] Exemption [7(E)], for secret law enforcement methods," Pl.'s Opp'n at 9, and deems this position "a misapplication" of the exemption, *id*. at 10.  He objects to the redaction of FBI Form FD-515, arguing without any support that "[t]he public has an interest in the release of law enforcement guidelines, particularly after a decade has passed."  *Id*.  The plaintiff also objects to the withholding of "another form, . . . which [the FBI] does not identify by form number," and that details the FBI's efforts in the investigation at issue.  *Id*.  Lastly, with respect to the "databases which [the FBI] claims are secret law enforcement methods," the plaintiff argues that the FBI "can't just create databases of information about citizens without taking the Privacy Act into account."  *Id*.  None of these arguments has merit.

The FBI adequately has demonstrated that the ratings column of FBI Form FD-515 has been properly withheld under FOIA Exemption 7(E).  *See, e.g.*, *Frankenberry v. FBI*, 567 F. App'x 120, 125 (3d Cir. 2014) (affirming district court's conclusion that disclosure of "the ratings column on the Form FD-515 document . . . reveals the effectiveness of certain investigative techniques and releasing it could thus risk circumvention of the law"); *Delviscovo v. FBI*, 903 F. Supp. 1, 3 (D.D.C. 1995) ("The use of Exemption 7(E) in this case, to protect the contents of FBI form FD–515, is well established and was proper.") (citation omitted).  It also has demonstrated , and the plaintiff has not rebutted, that release of a form detailing "the case being investigated, contemplated actions[,] potential techniques to be used, personnel needed, coordinating efforts, etc.," Third Hardy Decl. ¶ 16, and that the release of information "obtained

from non-public databases utilized by the FBI in law enforcement investigations," *id.* ¶ 17, likely would cause the harm FOIA Exemption 7(E) is designed to prevent.

## IV.  CONCLUSION

The FBI has demonstrated that it has properly withheld information under FOIA Exemptions 7(D) and 7(E), and as to the withholding of documents under these exemptions, the defendant's motion for summary judgment will be granted.  However, because the EOUSA has not demonstrated that its reliance on FOIA Exemption 7(C) is proper with respect to information previously withheld under FOIA Exemptions 7(D) and 7(F), the defendant's motion will be denied in part without prejudice.  The plaintiff has not demonstrated that he is entitled to judgment as a matter of law and, therefore, his cross-motion for summary judgment will be denied.  The Court defers its ruling on segregability.

It is hereby

ORDERED that the Plaintiff's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) [74] is DENIED; it is

FURTHER ORDERED that the Defendant's Renewed Motion for Summary Judgment [78] is GRANTED IN PART and DENIED IN PART, and it is

FURTHER ORDERED that the Plaintiff's Cross-Motion for Summary Judgment [80] is DENIED.

SO ORDERED.


DATE:  May 26, 2015                          /s/
                                             REGGIE B. WALTON
                                             United States District Judge