UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN A. PETRUCELLI,  Plaintiff,  v.  U.S. DEPARTMENT OF JUSTICE,  Defendant. | Civil Action No. 11-1780 (RBW) |

**MEMORANDUM OPINION**

This matter is before the Court on the Plaintiff's Motion for an Order to Produce Records Withheld Pursuant to FOIA Exemption b(7)(C) and for a *Vaughn* Index of Withheld Records [ECF No. 88], the Executive Office for United States Attorney's Renewed Motion for Partial Summary Judgment [ECF No. 93], and the Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment and Renewed Cross-Motion for Summary Judgment [ECF No. 97]. For the reasons stated below, the Court will grant summary judgment for the defendant.

I. BACKGROUND

The Court begins with a review of the two requests for information submitted by the plaintiff to the Executive Office for United States Attorneys ("EOUSA"), a component of the United States Department of Justice ("DOJ"), under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552 (2006).

1

Initially, the plaintiff sought information from the EOUSA, including files, police reports, and videotapes, "believed to be within the possession of the [United States Attorney's Office] for the . . . Southern District of New York" and "in relation to [his] criminal prosecution in the United States District Court in New York, New York in the criminal case titled and numbered under *United States v. John Petrucelli*, No. 02CR[]099." Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss or, Alternatively, Motion for Summary Judgment [ECF No. 23] ("Def.'s First Mem."), Declaration of David Luczynski ("First Luczynski Decl."), Exhibit ("Ex.") A (Freedom of Information Act/Privacy Act Request dated July 1, 2003) at 1. The request was denied in full by the EOUSA based on FOIA Exemptions 3, 5, 7(C), 7(D), and 7(F). First Luczynski Decl. ¶ 6.

The plaintiff's second FOIA request to the EOUSA also sought information pertaining to the prosecution of his criminal case. *See id.*, Ex. F (Freedom of Information Act/Privacy Act Request dated June 18, 2004). Specifically, the plaintiff requested:

> Books, Papers, Photographs, Recorded Tapes, Files, Reports, Records, Video Tapes, Police Reports, and Other Documentary Materials or Data, regardless of physical form or characteristic made or received by any officer or employee of your agency relating to, regarding, or naming [the plaintiff].

*Id.*, Ex. F at 1. The plaintiff provided to the EOUSA the title and number of his criminal case, and he agreed to pay any fees associated with the request. *Id.* The EOUSA staff located records responsive to the request and released to the plaintiff forty pages of records in full and twelve pages in part, and withheld two pages in full, relying on FOIA Exemptions 3, 7(C), 7(D), and

7(F). *Id.* ¶ 10; *see id.*, Ex. G (Letter to the plaintiff from Marie A. O'Rourke, Assistant Director, Freedom of Information/Privacy Act Staff, EOUSA, dated December 29, 2004) at 1.[1]

The Court previously found that the EOUSA conducted a reasonable search for responsive records, *see Petrucelli v. Dep't of Justice*, 51 F. Supp. 3d 142, 158 (D.D.C. June 27, 2014), that the plaintiff did not oppose the EOUSA's reliance on FOIA Exemption 3, *see id.* at 160 n.8, and that the EOUSA properly withheld information under FOIA Exemption 5, *see id.* at 163. In addition, the Court concluded that the responsive records, all of which were maintained by the United States Attorney's Office for the Southern District of New York ("USAO/SDNY") in its Criminal Case File System (Justice/USA-007), had been compiled for law enforcement purposes within the scope of FOIA Exemption 7. *Id.*

The EOUSA initially relied on FOIA Exemption 7(C) "to protect the identity of third-party individuals, such as potential witnesses and law enforcement personnel[,]" First Luczynski Decl. ¶ 26, on FOIA Exemption 7(D) "to protect individuals who provided information as confidential sources during a criminal investigation," *id.* ¶ 29, and on FOIA Exemption 7(F) "in conjunction with other exemptions, particularly [FOIA Exemption 7](C)," based on its assessment of "a reasonable likelihood that a threat of harm could be posed . . . should the withheld material be released," *id.* ¶ 33; *see also* Memorandum of Points and Authorities in Support of Defendant's Renewed Motion to Dismiss or, Alternatively, for Summary Judgment [ECF No. 40], Declaration of David Luczynski ("Second Luczynski Decl.") ¶¶ 27-37. The Court

---

[1] Based on records subsequently retrieved from the Federal Records Center, the EOUSA's declarant states, "the number of pages released in part ('RIP') did not match the number of pages RIP listed in the December 29, 2004 letter . . . ." Memorandum in Support of the Final Motion for Summary Judgment on Behalf of the Executive Office for United States Attorneys ("EOUSA"), and in Response to Plaintiff's Motion for Reconsideration of This Court's May 26, 2015, Decision [ECF No. 93], Declaration of David Luczynski ("Fourth Luczynski Decl.") ¶ 13. "[T]he file contains 17 pages classified as RIP," and "[s]ince it is unclear from the file which pages were sent to the plaintiff in 2004, EOUSA [provided the] plaintiff with all 17 pages RIP" on July 21, 2015. *Id.*; *see id.*, Ex. J (Letter to the plaintiff from Susan B. Gerson, Freedom of Information & Privacy Staff, EOUSA, dated July 21, 2015).

was not totally persuaded, and denied the defendant's second summary judgment motion in part without prejudice. *See Petrucelli*, 51 F. Supp. 3d at 169 (concluding that EOUSA made insufficient showing to assert Exemption 7(D)); *id*. at 172-73 (same conclusion as to Exemption 7(F)).

Subsequently, the EOUSA "concluded that it [was] unable to adequately support Exemption 7(F) . . . [and] Exemption 7(D)." Memorandum of Points and Authorities in Support of Defendant's Renewed Motion for Summary Judgment [ECF No. 78-1] ("Def.'s Third Mem."), Declaration of David Luczynski ("Third Luczynski Decl.") ¶ 6 n.2. As a result, the EOUSA purportedly abandoned its reliance on FOIA Exemptions 7(D) and 7(F), *see* Def.'s Third Mem. at 2-3, and instead claimed to rely only on FOIA Exemption 7(C), *see id*. at 3, with respect to any of the same information. Nevertheless, the EOUSA's declaration described at length the withholding of information under FOIA Exemption 7(D), *see* Third Luczynski Decl. ¶¶ 30-34, as well as the applicability of FOIA Exemption 7(C), *see id*. ¶¶ 27-29. The Court then found that the EOUSA again had failed to justify its decision to withhold information under FOIA Exemptions 7(D) and 7(F), and also 7(C); the Court therefore denied the defendant's third summary judgment motion in part without prejudice. *See Petrucelli v. Dep't of Justice*, __ F. Supp. 3d __, __, 2015 WL 3372345, at *6 (D.D.C. May 26, 2015).

The EOUSA finally has settled on FOIA Exemption 7(C) alone and has provided a *Vaughn* Index describing the withheld information. *See* Memorandum in Support of the Final Motion for Summary Judgment on Behalf of the Executive Office for United States Attorneys ("EOUSA"), and in Response to Plaintiff's Motion for Reconsideration of This Court's May 26, 2015, Decision [ECF No. 93], Declaration of David Luczynski ("Fourth Luczynski Decl.") ¶¶ 16-23; *id*., Ex. K. The plaintiff has submitted copies of the fifteen pages of records at issue. *See*

4

Plaintiff John Petrucelli's Reply to Defendant's Opposition to Plaintiff's Cross Motion for Summary Judgment [ECF No. 101] ("Pl.'s Reply"), Ex. A.

## II. DISCUSSION

### A. *Summary Judgment Standard*

"FOIA cases typically and appropriately are decided on motions for summary judgment." *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009) (citations omitted). Courts will grant summary judgment to an agency as the movant if it shows that there is no genuine dispute as to any material fact and if the agency is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). More specifically, in a FOIA action to compel production of agency records, the agency "is entitled to summary judgment if no material facts are in dispute and if it demonstrates 'that each document that falls within the class requested either has been produced . . . or is wholly exempt from the [FOIA's] inspection requirements.'" *Students Against Genocide v. Dep't of State*, 257 F.3d 828, 833 (D.C. Cir. 2001) (quoting *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978)).

Summary judgment in a FOIA case may be based solely on information provided in an agency's supporting affidavits or declarations if they are "relatively detailed and non-conclusory," *Safecard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)), and when they "[d]escribe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record [or] by evidence of agency bad faith," *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). "To successfully challenge

an agency's showing that it complied with the FOIA, the plaintiff must come forward with 'specific facts' demonstrating that there is a genuine issue with respect to whether the agency has improperly withheld extant agency records." *Span v. DOJ*, 696 F. Supp. 2d 113, 119 (D.D.C. 2010) (quoting *DOJ v. Tax Analysts*, 492 U.S. 136, 142 (1989)).

### B. Exemption 7(C)

FOIA Exemption 7 protects from disclosure "records or information compiled for law enforcement purposes," but only to the extent that disclosure would cause an enumerated harm. 5 U.S.C. § 552(b)(7); *see FBI v. Abramson*, 456 U.S. 615, 622 (1982). For example, FOIA Exemption 7(C) protects from disclosure information in law enforcement records that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).

In determining whether Exemption 7(C) applies to particular information, the Court must balance the privacy interest of individuals mentioned in the records against the public interest in disclosure. *See ACLU v. DOJ*, 655 F.3d 1, 6 (D.C. Cir. 2011). The privacy interest at stake belongs to the individual, not the government agency. *See DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 763-66 (1989); *cf. Sherman v. U.S. Dep't of the Army*, 244 F.3d 357, 364 (5th Cir. 2001) (holding "that only the individual whose informational privacy interests are protected by exemption 6 can effect a waiver of those privacy interests when they are threatened by an FOIA request"). When balancing an individual's privacy interest against the public interest in disclosure, "the only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.'" *Davis v. DOJ*, 968 F.2d 1276, 1282 (D.C. Cir. 1992) (quoting *Reporters Comm.*, 489 U.S. at 773). It is a FOIA requester's obligation to articulate a public interest sufficient to outweigh

an individual's privacy interest, and the public interest must be significant. *See Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 172 (2004).

At issue are fifteen pages of records (fourteen documents) described as correspondence between the plaintiff's defense counsel and the attorneys who prosecuted the plaintiff's criminal case. *See generally* Fourth Luczynski Decl., Ex. K (Doc. # 2-16).[2] From these documents the EOUSA withholds "the names of DOJ employees who were responsible for investigating and prosecuting the plaintiff," Fourth Luczynski Decl. ¶ 20, and "the names and phone numbers for local and state law enforcement employees," *id*. ¶ 22. For example, the EOUSA redacts "the name of a special agent involved in the case," *id*., Ex. K (Doc. #13), and the name of an FBI agent, *id*., Ex. K (Doc. #14). According to the declarant, "[d]isclosure of their names could subject them to unauthorized inquiries by members of the media and the general public who seek access to information regarding the inner workings of DOJ and its law enforcement, investigative and prosecutorial functions." *Id*. ¶ 20. Further, the declarant states, "release of these DOJ employees' names could subject them to threats and intimidation," *id*., while failing "to demonstrate how the DOJ performs its statutory duties in prosecuting individuals such as [the] plaintiff for various federal and state/local criminal activities," *id*. ¶ 21. The declarant applies this same rationale with respect to state and local law enforcement personnel, asserting that disclosure of their identities "could subject [them] to unauthorized inquires and harassment which could constitute an unwarranted invasion of their personal privacy." *Id*. ¶ 22.

---

[2] The EOUSA withheld in full a two-page document described as "a computer printout labelled 'Finest Message Switching System' from NYSpin Response Screen." Fourth Luczynski Decl., Ex. K (Doc. #1). The plaintiff opted to "forgo his rights to the mysterious 'NYSpin Response Screen' document." Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment and Renewed Cross-Motion for Summary Judgment [ECF No. 96] at 3 n.2.

In addition, the EOUSA withholds "the names [of] and identifying information concerning third parties in contact with the DOJ or other law enforcement agencies for investigative purposes." *Id*. ¶ 23.  For example, the EOUSA redacts the name of a government witness from a letter dated September 20, 2002 "addressed to [the] plaintiff's attorney at the time, explaining how the government intend[ed] to prove that the plaintiff is a member of La Casa Nostra[.]" *Id*., Ex. K (Doc. #2).  And it has withheld the names of and costs associated with "protecting and relocating third parties," *id*., Ex. K (Doc. #5), the name of a third party who described an item furnished in discovery, *id*., Ex. K (Doc. #12), and the names of other third parties and witnesses, *see id*., Ex. K (Docs. #9, 14-16).  The declarant asserts that "[r]elease of the identities of these third parties would not only constitute an unwarranted invasion of their personal privacy, but [also] could subject [them] to harassment, embarrassment, intimidation, or result in undue public attention." *Id*. ¶ 23.  Finally, the declarant represents that the EOUSA cannot identify any public interest that outweighs the third parties' privacy interest. *See id*. ¶¶ 21-23.

The plaintiff deems "[t]he [d]efendant's 4th Motion for Summary Judgment . . . just as inadequate as its 3rd." Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment and Renewed Cross-Motion for Summary Judgment [ECF No. 97] ("Pl.'s Opp'n") at 3.  In his view, the EOUSA "has refiled what is essentially the same motion," *id*. at 4, with a declaration containing "no new information that would justify the application of Exemption (b)(7)(C), which is the reason the Court denied the . . . previous . . . motion," *id*. at 5.  Furthermore, the plaintiff asserts, the defendant's "parade of horribles, no matter how vague, cannot assert a plausible threat of harm to anyone when all but one[] of the records at issue are letters written to the [p]laintiff's own attorneys." *Id*. at 3.  And he opines that these letters

8

"would not have been privileged because they were between opposing counsel." *Id*. at 5 n.3. The plaintiff believes that the criminal case "was based entirely on the testimony of cooperating witnesses, and any discussion of witnesses . . . would be of great interest to him, in determining whether his attorneys ever compromised his position in a way that benefitted his co-defendants." *Id*. Moreover, he claims, "[t]he [d]efendant cites no authority to justify the withholding of the [p]laintiff's own attorneys' names, let alone [the] witness[es'] names." Pl.'s Reply at 1-2.

"[Exemption 7(C)] recognizes the stigma potentially associated with law enforcement investigations and affords broader privacy rights to suspects, witnesses, and investigators." *Bast v. DOJ*, 665 F.2d 1251, 1254 (D.C. Cir. 1981) (citation omitted). As noted already, the privacy interest at issue belongs to the individual. *See generally Reporters Comm.*, 489 U.S. at 763-66. That interest can be waived, *see Comput. Prof'ls for Soc. Responsibility v. U.S. Secret Serv.*, 72 F.3d 897, 904 (D.C. Cir. 1996), but only by the individual whose interest is affected, *see Milton v. U.S. Dep't of Justice*, 596 F. Supp. 2d 63, 66 (D.D.C. 2009) (citing *Reporters Committee*, 489 U.S. at 776) (additional citation omitted); *cf. Sussman v. U.S. Marshals Serv.*, 494 F. 3d 106, 1115-16 (D.C. Cir. 2007) (discussing a subject's waiver of his own privacy interest under the FOIA and noting that his "waiver has no effect on the privacy interests of others"). Considering an individual's "strong interest in not being associated unwarrantedly with alleged criminal activity," *Stern v. FBI*, 737 F.2d 84, 91-92 (D.C. Cir. 1984), a government agency is not at liberty to disclose the name of or identifying information about an individual referenced in law enforcement records, even if the requester already knows, or is able to guess, the individual's identity, *see Weisberg v. DOJ*, 745 F.2d 1476, 1491 (D.C. Cir. 1984). Here, the individuals identified in the correspondence have a legitimate privacy interest, and neither the EOUSA nor the plaintiff identifies a public interest of any kind, let alone a public interest of such magnitude

that it outweighs the individuals' privacy interest.  The EOUSA has therefore adequately demonstrated the propriety of its reliance on FOIA Exemption 7(C).

### *C.  Segregability*

If a record contains some information that is exempt from disclosure, any reasonably segregable information not exempt from disclosure must be released after deleting the exempt portions, unless the non-exempt portions are inextricably intertwined with exempt portions.  5 U.S.C. § 552(b); *see Trans-Pacific Policing Agreement v. U.S. Customs Serv.,* 177 F.3d 1022, 1026-27 (D.C. Cir. 1999) (citation omitted).  The Court errs if it "simply approve[s] the withholding of an entire document without entering a finding on segregability, or the lack thereof."  *Powell v. U.S. Bureau of Prisons,* 927 F.2d 1239, 1242 n.4 (D.C. Cir. 1991) (quoting *Church of Scientology of Cal. v. U.S. Dep't of the Army,* 611 F.2d 738, 744 (9th Cir. 1979)).

On review of all of the defendant's supporting declarations and the EOUSA's *Vaughn* Index, the Court concludes that the defendant has adequately specified "which portions of the document[s] are disclosable and which are . . . exempt."  *Vaughn v. Rosen*, 484 F.2d 820, 827 (D.C. Cir. 1973).

### III. CONCLUSION

The EOUSA has established that it properly withheld information under FOIA Exemption 7(C).  The Executive Office for United States Attorney's Renewed Motion for Partial Summary Judgment therefore will be granted.  On the other hand, the Plaintiff's Motion for an Order to Produce Records Withheld Pursuant to FOIA Exemption b(7)(C) and for a *Vaughn* Index of Withheld Records and the Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment and Renewed Cross-Motion for Summary Judgment will be

denied.  All of the issues in this case having now been decided, a final Order will be issued separately.

DATE:  January 27, 2016                                         /s/
                                                                REGGIE B. WALTON
                                                                United States District Judge